UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEPHEN W. POWER, individually and )
on behalf of others similarly situated, )
)
    Class Representative Plaintiff, )
)
vs. )   06 C 4983
)
GMAC MORTGAGE CORPORATION, )
and HOME DEPOT U.S.A., INC., )
d/b/a THE HOME DEPOT, )
)
    Defendants. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on the motions of Defendants GMAC Mortgage Corporation ("GMAC") and Home Depot U.S.A., Inc. ("Home Depot") to dismiss the complaint of Plaintiff Stephen Power and to strike certain class allegations. For the reasons stated below, the motion to strike is denied, and the motion to dismiss is granted in part and denied in part.

## BACKGROUND

For purposes of these motions, we take the allegations of Power's complaint as true. Power owns a home in Chicago, mortgaged through GMAC. He receives monthly account statements and pays the amounts listed electronically. In conjunction

with a statement issued around January 2004, he received a voucher for a $20 gift card from Home Depot. The voucher was cobranded by both GMAC and Home Depot. Power signed the back of the voucher and returned it to GMAC before its January 15, 2004, expiration date. Above the signature line, the voucher stated:

> Please sign and return this Voucher with your GMAC Mortgage payment to get your $20.00 Gift Card toward The Home Depot purchases and to activate your Rewards & Discounts privileges! I am entitled to try the Rewards & Discounts program, brought to me by CompleteHome, for thirty days absolutely free. Unless I notify you to discontinue my membership during the trial it will be automatically continued at the low $8 monthly fee or the then-current monthly fee, added to my GMAC Mortgage payment, without my having to do anything further, for as long as I wish to enjoy the money-saving benefits...This product is optional and is not required by GMAC Mortgage Corporation. If I decide, for any reason, not to continue during my free trial, I may call CompleteHome toll free 1-800-349-4899 to cancel. I will have paid nothing and owe nothing. After the trial period, I may cancel at any time, for any reason, and owe nothing additional.

Power subsequently received and redeemed his $20 Home Depot gift card. Thirty days later, GMAC added an $8 charge to Power's mortgage bill, which was paid electronically along with Power's mortgage payment. Power did not receive any additional correspondence from Defendants informing him of the purported benefits associated with a CompleteHome membership. CompleteHome is owned by another company called Trilegiant, which is not named as a defendant.

Power never used his CompleteHome service. GMAC posted CompleteHome charges to Power's account and collected them from his checking account for over two years, until April 2006, when Power says he first noticed the charge on his statement.

He immediately contacted GMAC to complain and have the full amount of the charges he had paid refunded to him—approximately $200. GMAC canceled his membership with CompleteHome on April 18, 2006, but did not refund his money. According to the complaint, GMAC, Home Depot, and Trilegiant shared the membership fees collected from Power.

Power brought a four-count complaint in the Circuit Court of Cook County. GMAC subsequently removed the case to our court. Count I alleges the GMAC and Home Depot violated the Illinois Consumer Fraud and Deceptive Practices Act ("ICFDPA"). 815 ILCS 505/1 et seq. Count II alleges that GMAC and Home Depot were unjustly enriched by the alleged fraud, entitling Power to restitution. Count III alleges a civil conspiracy between GMAC, Home Depot, and unnamed co-conspirators to defraud Power. Count IV alleges that, by collecting his monthly $8 CompleteHome fee electronically, GMAC and Home Depot violated the Electronic Funds Transfer Act. 15 U.S.C. § 1693 et seq.

The complaint also seeks certification of two classes. The first would be composed of persons and entities with GMAC mortgage accounts who had charges for membership services provided by Trilegiant posted to their accounts. The second would be comprised of persons whose payment of these charges were made by electronic withdrawal from debit or bank accounts.

Home Depot now moves under Fed. R. Civ. P. 12(b)(6) for dismissal of all four counts against it for failure to state a claim. GMAC moves to dismiss Counts I and III as to it on similar grounds, as well as contending that the allegations do not provide the specificity required by Fed. R. Civ. P. 9(b). Both parties also move to strike the class allegations, again relying on Rule 12(b)(6).

## LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint. Triad Associates, Inc. v. Chicago Hous. Auth., 892 F.2d 583, 586 (7th Cir. 1989). In ruling on a motion to dismiss, the court must construe the allegations of the complaint in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the complaint must be accepted as true. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Panaras v. Liquid Carbonic Indus. Corp., 74 F.3d 786, 792 (7th Cir. 1996). Though motions to strike portions of pleadings are typically governed by Fed. R. Civ. P. 12(f), Defendants' motion makes

clear that they intend to invoke the analytical framework of Rule 12(b)(6) in challenging the class allegations.

With these principles in mind, we turn to the instant motions.

## DISCUSSION

### A. Motion to Dismiss

*1. Count I - Statutory Consumer Fraud*

Count I of Power's complaint contends that the manner in which the voucher was offered constituted an unlawful business practice and therefore violated the ICFDPA. 815 ILCS 505. To properly plead a cause of action under the ICFDPA, a complaint must allege that a defendant engaged in a deceptive act or practice during a course of conduct involving trade or commerce, intending that the plaintiff rely on the deception. Connick v. Suzuki Motor Co., Ltd., 675 N.E.2d 584, 593 (Ill. 1996). One type of unlawful act specifically addressed in the ICFDPA pertains to disclosure of conditions in conjunction with offers of free prizes, gifts, or gratuities. 815 ILCS 505/2P. In pertinent part, the statute makes unlawful any promotion or advertisement of a product "by means of offering free prizes, gifts, or gratuities...unless all material terms and conditions relating to the offer are clearly and conspicuously disclosed at the outset of the offer so as to leave no reasonable probability that the offering might be misunderstood." Id. Power's complaint alleges that the language on the voucher that described the charges that would be applied to his account was not clearly and

conspicuously disclosed. As a result, he misunderstood the offer and incurred unwanted charges.

Because it involves a fraud claim, Count I is governed not by the notice pleading standard of Fed. R. Civ. P. 8 but by the heightened requirements found in Fed. R. Civ. P. 9(b). Rule 9 states that in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. To satisfy this standard, a plaintiff must provide the "who, what, where, and when" of the alleged fraud. Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins., 412 F.3d 745, 749 (7th Cir. 2005). Further, when a complaint is filed against multiple defendants, the complaint must reasonably notify each defendant of his or her role in the alleged fraud. See Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1020 (7th Cir. 1992).

Defendants first contend that Power cannot state a claim upon which relief can be granted because the language on the back of the voucher explained that the signer would incur additional charges if he or she signed and failed to cancel the resulting membership within 30 days. It is true that if an exhibit attached to a complaint contradicts the allegations within it and establishes that the plaintiff is not entitled to relief, the complaint can be dismissed for failure to state a claim. See Massey v. Merrill Lynch & Co., Inc., 464 F.3d 642, 645 (7th Cir. 2006). However, this argument misses the mark. Count I is premised on the notion not that the language explaining the process was not included, but that it was not "clear and conspicuous" enough to

eliminate any reasonable probability that it might be understood. See 815 ILCS 505/2P. Thus, the mere presence of the language does not eradicate any set of facts on which Power could obtain relief, and the 12(b)(6) motion directed to Count I must be denied.

Defendants also argue that, if Count I states a cognizable claim, it still must be dismissed (necessarily without prejudice) because it fails to specify the "who, what, where, and when" of his fraud claim as required by Rule 9(b). Fairly read, the complaint states that Home Depot and GMAC (as evidenced by the cobranding on the voucher) jointly offered an ostensibly free gift card that in actuality had financial strings attached. That establishes a potentially deceptive act and identifies the parties that Power alleges engaged in it. Defendants contend that this is unacceptable group pleading, but it is unreasonable to expect Power to know the details of the relationship between Home Depot and GMAC at this point such that greater specificity would be warranted at this point. Defendants have pointed to no authority indicating that a deceptive act cannot be carried out by more than one party, and the cobranding of the voucher by both GMAC and Home Depot allows a reasonable inference that the statements it contained were jointly made. See Jepson, Inc. v. Makita Corp., 34 F.3d 1321, 1329 (7th Cir. 1994) (indicating that the failure to make separate allegations can be overlooked when defendants are related entities "that can most likely sort out their involvement without significant difficulty"). The underlying purpose of the specificity

requirement of Rule 9(b) is to ensure that plaintiffs are not able to make blithe accusations of fraud. Ackerman v. Northwestern Mutual Life Insurance Co., 172 F.3d 467, 469 (7th Cir. 1999). Requiring Power to discover the exact contours of the relationship between Home Depot and GMAC with respect to this business endeavor before he could even bring a complaint does not serve that purpose. Instead, it is geared toward forcing him to provide enough information within the initial pleading to allow GMAC and Home Depot to immediately prepare a defense; Rule 9(b) is satisfied without that level of particularity. See id.

Furthermore, the complaint specifies that the offer was contained in a voucher mailed with a GMAC mortgage statement. The January 15, 2004, expiration date on the voucher should provide the originating party or parties with sufficient information as to when the mailing was initiated. The net effect of all of these details convinces us that Count I passes muster under Rule 9(b) and we will not require Power to provide additional specifics.

*2. Count II - Unjust Enrichment and Restitution*

Count II of the complaint contains allegations of unjust enrichment against GMAC and Home Depot. Defendants do not take issue with the sufficiency of the allegations with respect to GMAC; the motion states only that Power has not stated a claim as to Home Depot. To state a cause of action for unjust enrichment in Illinois, Power must allege that Home Depot received a benefit from Power and unjustly

retained it, such that its retention of that benefit violates fundamental principles of equity. HPI Health Care Services, Inc. v. Mt. Vernon Hosp., Inc., 545 N.E.2d 672, 679 (Ill. 1989).

The complaint in this case contends that Home Depot received a benefit in the form of a share of the CompleteHome membership fees extracted from his bank account. According to Power, he did not receive information on how to access the benefits the fees paid for and consequently it would be inequitable for Home Depot to retain its portion of the payments. Though the motion to dismiss this count for failure to state a claim presents a closer call than the challenges to the other counts, we conclude that the allegations of the complaint put Home Depot on notice of the substance of Power's unjust enrichment claim. Whether they will ultimately be meritorious is a question for another day. Consequently, the motion to dismiss Count II as to Home Depot is denied.

*3. Count III – Civil Conspiracy*

As an apparent alternative to the theory of direct involvement by both Home Depot and GMAC advanced in Count I, Count III alleges that those parties engaged in a civil conspiracy to violate the ICFDPA. Defendants again contend that dismissal is appropriate under Rules 12(b)(6) and 9(b).

To establish a civil conspiracy a plaintiff must plead facts establishing the following elements: (1) a combination of two or more persons; (2) for the purpose of

accomplishing by some concerted action; and (3) either an unlawful purpose or a lawful purpose by unlawful means. Adcock v. Brakegate, Ltd., 645 N.E.2d 888, 894 (Ill. 1994). As the Seventh Circuit recently reiterated, to satisfy federal pleading requirements for a claim of civil conspiracy, the complaint must provide information about the nature of a purported agreement between Home Depot and GMAC, with particular information such as the individuals involved at each company and the approximate time when the agreement was entered. Borsellino v. Goldman Sachs Gp., Inc., — F.3d —, No. 06-1384, slip op. at 10 (7th Cir. Feb. 20, 2007).

Power contends that Count III is sufficient for two reasons. First, he claims that conspiracy claims are not subject to the heightened specificity requirements of Rule 9(b). That statement is not correct when the conspiracy involved is one that is based in fraud; Rule 9(b) pertains to "averments of fraud," which would include allegations of a conspiracy to commit fraud. See id. at 6. Consequently, Power's conspiracy allegations must contain a level of detail sufficient to satisfy the heightened pleading standard. Second, Power asserts that his complaint provides an appropriate level of specificity. However, the paragraphs to which he points give only vague allusions to Home Depot and Trilegiant, with no detail as to terms of any agreement between those parties and GMAC, the persons who were involved in reaching any such agreement, the approximate time that the agreement was reached or other specifics necessary to satisfy Rule 9(b). As a result, Count III is dismissed without prejudice.

*4. Count IV – Violation of the Electronic Funds Transfer Act*

Finally, Home Depot moves to dismiss Count IV, which alleges a violation of the EFTA, as to it. According to Home Depot, Power cannot assert that Home Depot was involved in the electronic debits from Power's checking account. Power concedes that this dismissal is appropriate. Thus, Count IV is dismissed as to Home Depot.

## B. Motion to Strike Class Allegations

The second position set forth in Defendants' motions pertains to the allegations of two putative classes in the complaint. Though some cases have addressed the sufficiency of class allegations in the context of a Rule 12 motion, this case does not lend itself to that type of disposition. In such a procedural setting, to resolve the motion in favor of the Defendants, the allegations would need to be such that the classes would be unable to prove a set of facts in support of the collective claims that would entitled them to relief. See Conley, 355 U.S. at 45-46, 78 S. Ct. at 102. The gist of Defendants' arguments in this motion is that the class claims are ill-suited to resolution as a class, not that no conceivable set of facts could lead to relief. These considerations are best resolved after crystallization in a fully developed motion for class certification under Fed. R. Civ. P. 23. Consequently, the motion to strike is denied.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss Counts I and II is denied. Defendants' motion to dismiss Count III and Count IV as it applies to Home Depot is granted. The motion to strike class allegations is denied.

/s/ Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated: MAR - 7 2007